Joseph Smith 76280-083
U.S.P. Florence
P.O. Box 7000
Florence, CO 81226

U.S. District Court                                                March 22, 2020
Office Of The Clerk
Clerk of The Court
901 19th Street, 2nd Floor
Denver, CO 80294


        Re: Request For This Honorable Court's Intervention And/Or Injunctive Relief


Dear Clerk of The Court:

        I am in need of this Honorable Court's intervention and/or injunctive relief from the violations of my rights, retaliatory actions, and deliberate indifference I am receiving at U.S.P. Florence in addition to the improper Medical and Mental health care provided to Me.
        This Court is aware of an assault perpetrated by staff here that I was a victim of on May 19, 2019 due to Motions filed by me in this Court in relation to that assault and the treatment I received thereafter. Since then I have been assaulted by staff again and steadily received biased and retaliatory treatment. I'm in dire need of Medical treatment that I've sought since May 22, 2019 to no avail and in spite of My numerous attempts to utilize the Administrative Remedy Program in order to receive proper Medical treatment for my injuries. I have been hindered at every stage of the Administrative Remedy process, seemingly, in order to Conceal and undermine My attempts to receive Medical treatment for injuries sustained during the May 19, 2019 assault and in an attempt to undermine and influence the Federal Tort Claim I submitted.
        Please see the enclosed documents that contain detailed dates, persons, events, and references pertaining to the assaults and continuous unresolved issues Mentioned above.
        I ask that this Court Construe this as a letter Motion with exhibits attached and I ask that this Court grant the following relief:
        1. Order the F.B.O.P. to provide Me with the proper Medical care for the injuries sustained on May 19, 2019;
        2. Order the F.B.O.P. to transfer Me to a facility where I won't be treated with deliberate indifference and/or retaliated against for exercising my rights;

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 30 2020

JEFFREY P. COLWELL
CLERK

3. Grant any other relief that this Honorable Court deems just, appropriate, and necessary.

Dated this 22nd day of March, 2020.

Respectfully Submitted,

Joseph T. Smith

Joseph T. Smith

COPY

Joseph Smith 76280-083
U.S.P. Florence
P.O. Box 7000
Florence, CO 81226

Office Of The Clerk                                                                March 15, 2020
U.S. District Court
901 19th Street, 2nd Floor
Denver, CO 80294


Re: Inability to access and utilize Administrative Remedy Program, Deliberate Indifference, Improper Medical Care, and Inadequate Mental health care.


Dear Director:

    Please receive this dually as a notice of the above mentioned issues and as an attempt to formally/informally resolve the specified issues.

    I have made several attempts, verbal and in writing, to resolve issues stemming from me being assaulted by staff members employed here at U.S.P. Florence on May 19, 2019 since on or about May 22, 2019 to no avail. These issues continue to go unaddressed. I have notified several departments within the Federal Bureau of Prisons as well as various personnel at this facility, to include but not limited to: S.I.A., S.I.S., Executive staff, Capt. Root, Dr. Sterrett, PA-C McClinton, HSA Lindgren, Unit E/A Unit Team Members, psychology staff members, North Central Regional Office, and Central Regional Office seemingly without success.
    Counselor Church, Unit E/A's Counselor, has been diligent in providing me with the appropriate administrative remedy forms and in attempting to help resolve my issues of being physically assaulted by staff on two separate occasions, not receiving adequate medical care or adequate psychological treatment in connection with injuries sustained from those assaults to no avail. The process seems to get delayed once it reaches the BP-229 level and/or the forms become "lost" when given to staff to be copied in order to submit the necessary amount of documents with the form BP-230. Once this happens I've been unable to proceed with the administrative remedy process and/or unable to receive forms in order to start the process over.
    I have notified Executive Staff Members, several Institution Duty Officers, psychology personnel, and several Health Services personnel about the physical injuries sustained on May 19, 2019 and these injuries have continued to go untreated. I continue to experience severe pain and very limited mobility in my right shoulder, moderate pain and limited mobility in my left shoulder, lower back pain, and numbness with constant swelling in my pointer finger located on my right hand. These injuries contribute to the inability to engage in

1 of 2

daily activities.

I suffer from several mental illnesses that have also gone unaddressed despite several electronic requests, numerous written requests, and numerous verbal requests submitted to various psychology department staff. The 5/19/19 assault by staff stems from my mental health. I attempted to request protective custody due to a perceived threat and a premonition of me violently reacting to that threat. I have yet to be seen by or scheduled to be seen by a psychologist. Nor have I seen a psychologist since being screened at intake upon arrival at U.S.P. Florence on 5/17/19. This is despite of being placed in SHU on four separate occasions due to my mental illnesses, spending more than 30 days on two of those occasions, and submitting several requests verbally and in writing to be seen by a psychologist.

I have attempted to utilize the Administrative Remedy Program in order to resolve the above mentioned issues without success due to the reasons stated herein. Presently, I have no access to this program since the party responsible for handling the appropriate forms seem to no longer have any available. Nor do the Executive staff members seem to be able to ensure that their subordinates abide by B.O.P. policy or fulfill their job descriptions.

I will be grateful for your immediate attention, intervention, and assistance in resolving the above mentioned issues. I thank you for your time and cooperation!

Sincerely,

Joseph T. Smith

Joseph T. Smith

CC: F.B.O.P.
Nort Central Regional Office
400 State Ave; Tower II, Suite 800
Kansas City, KS 66101;

Gail Bushrod
17250 Stoney Knoll Rd.
Colonial Beach, VA 22443-6200;

Retained

2 of 2

Copy

Joseph Smith 76780-083
U.S.P. Florence
P.O. Box 7000
Florence, CO 81226

March 22, 2020

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office
Richard M. Winter
Regional Counsel
400 State Ave., Tower II, Suite 800
Kansas City, KS 66101


Re: Reconsideration of Claim #: TRT-NCR-2020-00946


Dear Regional Counsel:

This serves as a formal request for reconsideration of the above referenced Federal Tort Claim pursuant to Program Statement 1320.06 8(g) due to the provision stated under PS 1320.06 8(i).

I am certain that information pertinent to my claim and that is influential in the determination of my claim has been withheld and/or omitted that should have been obtained, included in, and submitted with the investigation report to this office, pursuant to PS 1320.06 8(c)(2). The information that I am referring to that has been withheld and/or omitted is as follows: Administrative Remedy Requests; Improper/Inadequate Medical Care; Inadequate Mental Health Care; Acts of Deliberate Indifference; and the Retaliatory Actions of Executive Staff and other Staff Members employed here at U.S.P. Florence. All of which are in direct violation of PS 3420.11.

I have submitted several BP-8s and have only been able to submit two BP-9s in an attempt to resolve the above specified issues as well as an attempt to exhaust the administrative remedies afforded to me to no avail. I have been unable to proceed further than submitting a BP-8 for inadequate mental health care because no response has been forthcoming for reasons unknown. I submitted this specific BP-8 to my Unit Team member on 1/22/2020 and despite numerous attempts to verify the status of this BP-8 I have yet to receive a response.

I have submitted two BP-8s for inadequate Medical Care. Both BP-8s are in regards to the improper Medical Care (none) received for injuries sustained from the 5/19/19 assault in which the above referenced tort claim pertains to. I submitted the first of these BP-8s, BP-8 #19-271, in December of 2019 prior to the Christmas holiday. I received a very untimely response on 1/23/2020 due to Counselor A. Church being unable to receive a response or any attempt made by Health Services to informally resolve the issue placing the Warden in direct violation of PS 1330.18 7(a). I then submitted BP-8 #19-271 with a completed BP-9 on 1/30/2020 but have yet

1 of 4

to receive an administrative remedy receipt nor a response. I then submitted a second BP-8 for inadequate medical care on 2/5/2020 to Unit Team in another attempt to utilize the Administrative Remedy Program and informally resolve the issue by, again, asking for medical treatment for injuries sustained from the 5/19/19 assault. Again, no response was forthcoming nor has the proper medical treatment been received. This specific BP-8 had no area provided to record a BP-8 number as the prior BP-8s did so I'm unable to provide the specific BP-8 number.

I also submitted a BP-8 in regards to the 5/19/19 assault. I was unable to receive the appropriate form until 8/5/19 due to Counselor A. Church being absent. Counselor G. Grisenti was acting Counselor for Unit E/A and refused to supply Unit E/A inmates housed in SHU with any administrative remedy forms which the, almost 3 month, delay from the occurrence of the assault to the filing of the BP-8 is attributed to. This specific BP-8 is BP-8 #: 19-138 which I submitted with a completed BP-9, case number: 990406-F1, on 9/5/19. Again, a very late response was given on 12/30/19 that I received on 1/16/2020. In an attempt to comply with misinformation given by a Unit Team member, I gave Unit Team the original BP-8 and a copy of the BP-9 in order to receive copies so that I may retain a copy, as consistent with PS 1330.18 8(c)(3), and submit the necessary amount of copies with a BP-10 to this office. The BP-8 and BP-9 given to be copied became "lost" and I recently received a copy of BP-8 #19-138 on 3/19/2020. Now I am awaiting a memo excusing the delay from the party responsible for "losing" the documents so that I may finally file a BP-10 with this office.

As to the Warden's or his appointee's inclusion of Administrative Remedy Requests, I have made numerous attempts to utilize the program only to be hindered at each and every stage of the process which I am certain was not included in the investigation report nor the Warden's Conclusion. These actions, under the circumstances, can only be construed as deliberate and retaliatory.

I am still receiving improper medical care, to be more specific: no medical care, for the injuries I sustained during the 5/19/19 assault. I have limited use of both arms due to my shoulders being injured, and untreated injuries to my lower back and right hand. I continue to be ignored by psychology staff, Health Services staff, and Executive staff. I was scheduled to see an "in-house" doctor on 2/14/2020 which the appointment was cancelled for reasons unknown. The appointment was rescheduled and this too was cancelled for reasons unknown. I've been told during several visits to and by medical personnel since September of 2019 that I would receive an MRI and any subsequent necessary treatment for the above specified injuries only to be neglected. When scheduled for an MRI for an ankle injury sustained during a fall on 9/9/19 I was told by PA-C McClinton that I would also receive an MRI for the injuries sustained from the 5/19/19 assault. I received an MRI for the ankle injury on 2/16/2020,

2 of 4

a convenient and coincidental, two days after my scheduled doctor's appointment was cancelled. No MRI was given for the injuries sustained from the 5/19/19 assault on 2/16/2020. This, too, can only be construed as deliberate indifference, retaliatory in nature, and improper Medical care as outlined in PS 1320.06 8(c)(4).

Since being assaulted by staff on 5/19/19, an assault for which I received a false incident report and spent 3 months in SHU, I've been assaulted by staff again while on crutches and recuperating from the injuries sustained on 9/9/19. This assault by staff occurred on 10/7/19. During this assault I received further injury to the injuries sustained on 5/19/19 and 9/9/19. As in the case of the 5/19/19 assault, I was taken to SHU and given false incident reports in an attempt to justify the assault. A simple review of the NICE Vision Cameras will contradict all incident reports and substantiate my factual claims. Both incidents, to include the injuries sustained on 9/9/19, are attributed to Mental illnesses. Mental illnesses that I've been attempting to seek assistance for without success. I am currently housed in SHU, since 11/14/2020, for an incident triggered by my mental illnesses and for which I received another false incident report. Since being in SHU, and having filed tort claims for the aforementioned incidents, I have been unable to review my personal property, receive any legal documents from my personal property in order to resume working on and complete my appeal, or ensure that any inconsistencies with my "personal property inventory sheet" be noted despite several requests to do so. Again, these actions and/or inactions can only be construed as deliberate indifference and retaliatory.

While I cannot physically provide additional evidence of injury to support this request, it is due to no fault of my own. Improper medical care is the only reason no initial or additional evidence has been provided previously nor forthcoming now. If and when given proper medical care, it will be proven that the injuries described herein exist, have existed, have gone untreated, and are consistent with the nature and events of the described assaults as how the NICE Vision Cameras and I depict them. There should also be an abundance of documentation in regards to my complaints of these injuries, to include but not limited to a July 17, 2019 consultation with PA-C McClinton prescribing physical therapy exercises which aided in the agitation of my sustained injuries.

I ask that you receive this request for reconsideration and the facts contained herein as my second attempt to resolve the above referenced tort claim in the administrative stage.

I thank you for your time, cooperation, and reconsideration!

Please Note: I am forwarding a copy of this "request for reconsideration" to the addresses listed below, with evidentiary attachments, in preparation for any future civil proceedings if necessary.

3 of 4

Sincerely,

Joseph T. Smith

cc: Office Of the Clerk
U.S. District Court
901 19th Street, 2nd Floor
Denver, CO 80294 ;

Gail Bushrod
17250 Stoney Knoll Rd.
Colonial Beach, VA 22443-6200 ;

Retained

4 of 4