IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-00877-RBJ-NYW

JOSEPH SMITH,

      Plaintiff,

v.

LT. A. TRUJILLO,
GONZALES, SIS TECHNICIAN,
UNIDENTIFIED CORRECTIONAL OFFICERS,
DR. PELTON,
MS. LINDGREN, Health Services Administrator,
DR. RESTO,
DR. NORTON,
C. MCCLINTON, P.A., and
UNITED STATES OF AMERICA,

      Defendants.

---

## ORDER

---

Mr. Smith, an inmate at USP Victorville, California, filed his original complaint in this case on April 15, 2020 while a BOP inmate in Florence, Colorado.  In a second amended complaint he asserted claims alleging violation of his Eighth Amendment rights by defendants Trujillo, Gonzales and unidentified others who allegedly applied excessive force during incidents that occurred on May 19, 2019; a claim alleging violation of his Eighth Amendment rights Dr. Pelton, Ms. Lindgren, Dr. Resto, Dr. Norton, and P.A. McClinton who alleged were deliberately indifferent to his medical needs arising from the excessive force; and a claim under the Federal

1

Tort Claims Act, apparently raising the same excessive force (assault) and lack of adequate medical care (negligence) claims against the United States.  ECF No. 21.

Judge Babcock referred the second amended complaint to Magistrate Judge Gallagher for an initial review and recommendation.  The recommendation was that (1) the claims against defendants McClinton, Resto, Lindgren and Norton asserted pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U..S. 388, 396-97 (1971) for violation of plaintiff's right to receive adequate medical care be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure; (2) defendants McClinton, Resto, Lindgren and Norton be dismissed as parties to the case; but (3) the Eighth Amendment excessive force *Bivens* claims against defendants Trujillo, Gonzales and unidentified officers; the Eighth Amendment *Bivens* claim against Dr. Pelton for interfering with plaintiff's right to receive adequate medical care; and the FTCA claim against the United States be drawn to a presiding judge.  ECF No. 25.  The recommendation was accepted by Judge Babcock over plaintiff's objections.  ECF No. 28.

The case was drawn to Magistrate Judge Wang.  Because all parties did not consent, the case was reassigned to this Court.  On October 23, 2020 defendants then moved to dismiss the excessive force claim against defendants Trujillo and Gonzales; the deliberate indifference claim against Dr. Pelton; and the medical negligence claim against the United States.  ECF No. 49.

Plaintiff was transferred to U.S.P. Victorville and requested extensions of time to respond to the motion to dismiss.[1]  He ultimately filed his response on March 16, 2021.  ECF No. 80.[2]

On March 26, 2021 Magistrate Judge Wang issued a 26-page recommendation on the motion to dismiss.  ECF No. 89.  She recommended that this Court deny the motion with respect to the excessive force claim.  *Id.* at 16.  However, she recommended that the Court grant the motion with respect to the deliberate indifference to medical needs and the FTCA claim based on medical negligence.  *Id.* at 21, 25.

Mr. Smith filed a timely objection to the portion of the recommendation concerning his deliberate indifference and medical negligence claims.  ECF No. 99.  Defendants filed a timely objection to the portion of the recommendation concerning the excessive force claim.  ECF No. 105.

## STANDARD OF REVIEW

The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute."  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  In the

---

[1] Plaintiff also filed a motion for a mandatory injunction requiring U.S.P. Victorville staff to attend to his shoulder injuries; enforce its legal mail procedures; investigate incidents that allegedly occurred on October 7 and November 14, 2019; investigate acts of retaliation; transfer him to a state facility in Virginia; or place him in the "RHU Program; or transfer him to FCI Butner or FCI Petersburg.  ECF No. 64.  Defendants responded that the motion seeks relief unrelated to the allegations in the second amended complaint and against officials who are not defendants; that plaintiff has not exhausted his administrative remedies as to these new issues; and plaintiff has not addressed the basic requirements for a preliminary injunction.  ECF No. 69.  I agree.  The present case will not serve as a catch all for any and all complaints that plaintiff might have against the BOP.

[2] Plaintiff's response was nearly double the length that is permitted for motions to dismiss and responses in the Court's practice standards.

absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## CONCLUSIONS

Because the parties have filed timely objections to all parts of the magistrate judge's recommendation, the Court has conducted a de novo review.  It has done so by reviewing the motion to dismiss, the response, the recommendation, both parties' objections, and miscellaneous other documents in the electronic file.

### A. <u>Excessive Force</u>.

In recommending that the motion to dismiss plaintiff's excessive for claim, the magistrate judge acknowledged that she was departing from several judicial officers in this district who have held that there is no *Bivens* remedy for an Eighth Amendment excessive force claim.  ECF No. 89 at 6.  However, at least one judicial officer has allowed such a claim to proceed.  There are no Tenth Circuit decisions on point, although it has interpreted *Bivens* as holding "that officers many be held liable in damages for violating persons' Fourth Amendment rights, including the use of unreasonable force." *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1195 (10th Cir. 2001).

Before *Bivens* is extended to a new type of claim a court must determine whether the claim differs in a "meaningful way" from previous *Bivens* cases.  *Hernandez v. Mesa,* 140 S. Ct. 735, 743 (2020).  If so, then the court must consider whether "there are special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar v. Abbasi,* 137 S. Ct. 1843, 1857 (2017).  The magistrate judge's analysis was that an excessive force claim does

not differ in a meaningful way cases recognizing a *Bivens* remedy for cases involving deliberate indifference to an inmate's medical needs, failure to protect an inmate from a substantial risk of harm, and by analogy, § 1983 excessive force claims. I agree. It would be anomalous that a state prisoner could pursue an excessive force claim against a correctional officer, but a federal prisoner could not. The Eighth Amendment protects against the imposition of cruel and usual punishment on a prisoner. That the cruel and unusual punishment takes the form of an allegedly brutal assault by a correctional officer on an inmate rather than another form of punishment should make no difference in the inmate's right to seek redress.

In their objection defendants argue that the magistrate judge failed to follow the Supreme Court's prescription for recognizing new implied causes of action as set forth in *Ziglar v. Abassi.* I disagree. The magistrate judge expressly recognized that *Ziglar* held that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." ECF No. 89 at 8 (quoting *Ziglar,* 137 S. Ct. at 1856-57). However, it did not forbid application of *Bivens* to situations not meaningfully different from situations where a *Bivens* remedy had been implied. I find Judge Wang's analysis as to why an excessive force claim is not meaningfully different to be thoughtful and persuasive.

**B. <u>Deliberate Indifference</u>.**

The magistrate judge found that Mr. Smith had failed sufficiently to allege either an objectively serious medical condition or that Dr. Pelton consciously disregarded a substantial risk of harm to Mr. Smith's wellbeing. ECF No. 89 at 16-21. Mr. Smith complained of shoulder pain, but neither an Xray nor an MRI revealed broken or damaged bones. Medical personnel prescribed conservative treatment for his claimed shoulder pain. Nevertheless, assuming, without deciding, that plaintiff's complaints about pain could amount to a serious medical

condition, I agree that the second amended complaint fails to allege facts that plausibly establish the subjective component, i.e., that Dr. Pelton "intentionally den[ied] or delay[ed] access to medical care or intentionally interfere[d] with the treatment once prescribed." *Redmond v. Crowther,* 882 F.3d 927, 940 (10th Cir. 2018). Plaintiff alleges that Dr. Pelton initially denied his request for an MRI. However, he does not (and cannot) allege that an MRI was medically indicated at that time. Inmates do not have a constitutional right to their preferred course of treatment. *Henderson v. Fisher,* 767 F. App'x 670, 674 (10th Cir. 2019) (unpublished). Moreover, when an MRI was later performed, it confirmed the Xray's determination that there was no bone damage.

Plaintiff's objection to this portion of the recommendation asserts that "the Defendants have concealed and/or destroyed the medical evidence in support of Mr. Smith's serious injuries, need for treatment, and have further subjected Mr. Smith to significant prolonged pain and suffering in a continuous violation of Mr. Smith's Eight Amendment rights." ECF No. 99 at 4. This implausible and conclusory allegation adds nothing of significance vis-a-vis plaintiff's failure to adequately alleged the subjective component of a deliberate indifference claim against Dr. Pelton.

**C. FTCA Claim.**

The magistrate judge construed the FTCA claim as potentially targeting both the alleged assault and alleged medical negligence issues but since defendants' motion did not challenge the assault claim under the FTCA, she focused solely on the medical negligence claim. ECF No. 89 at 4, n.2. She noted that, under Colorado law a licensed professional with expertise in the area of the alleged negligent conduct has reviewed the known facts, including relevant records, and has

6

concluded that the filing of the claim does not lack substantial justification.  Colo. Rev. Stat. §

13-20-602.  The statute applies to an FTCA claim against the United States brought in a federal

court asserting a malpractice claim by a professional in Colorado.  *See Hill v. Smithkline*

*Beecham Corp.,* 393 F.3d 1111, 1117 (10th Cir. 2004).  Because no certificate of review has

been filed, the magistrate judge recommended dismissal of the medical negligence claim under

the FTCA.

In his objection Mr. Smith argues that (1) there his no need for expert testimony to

establish a prima facie case of medical negligence by Dr. Pelton; (2) that he intends to file a

motion for a physical examination of himself under Rule 35, which in turn will provide the

necessary expert testimony (he has since filed such a motion, ECF No. 100; (3) he cannot obtain

a certificate of review because he has to rely on BOP medical professionals who have a conflict

of interest and relevant documentation has been falsified or destroyed.  ECF No. 99 at 6-8.

This Court understands the difficulties an inmate might have in obtaining a certificate of

review.  That might explain why inmates generally pursue medical claims under the Eighth

Amendment.  But, the difficulty of compliance with this legal requirement does not excuse the

failure to comply.  Contrary to plaintiff's argument, the Court finds that to establish a medical

malpractice claim against Dr. Pelton, plaintiff would need to present testimony by a qualified

expert, namely, a qualified physician, that Dr. Pelton's diagnosis or treatment fell below the

standard of care applicable to his area of specialty.  Similarly, he is required to file a certificate

of review by a qualified professional.  Plaintiff is not excused from these requirements.  Nor can

he use Rule 35 to force defendants to have him examined again in the hope that whoever

performed the examination might then be willing to file a certificate of review.  Rule 35

authorizes courts to order persons whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed examiner, not to require an examiner to perform an examination.  In any event, Mr. Smith has been examined by qualified examiners within the BOP, none of whom has generated a certificate of review.

## ORDER

1.  For the foregoing reasons, after de novo review, the recommendation of the magistrate judge, ECF No. 89, is ACCEPTED AND ADOPTED.

2.  Defendants' partial motion to dismiss, ECF No. 49, is GRANTED IN PART AND DENIED IN PART.  It is granted as to the deliberate indifference claim against Dr. Pelton and FTCA claim to the extent that claim is premised on medical negligence.  Those claims are dismissed with prejudice.  The motion is denied as to the excessive force claim against Lt. Trujillo, S.I.S. Tech Gonzales, and "unidentified correctional officers."  The motion is also denied as to the FTCA claim against the United States to the extent that the claim was based on the alleged excessive force (assault and battery).

3.  Plaintiff's motion for injunction, ECF No. 64, and plaintiff's motion for a physical and mental examination pursuant to Rule 35, ECF No. 100, are DENIED.

DATED this 26th day of April, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

8