IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00877-RBJ-NYW

JOSEPH SMITH,

    Plaintiff,

v.

LT. A. TRUJILLO,
GONZALEZ, S.I.S. TECHNICIAN, and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

This matter is before the court on the Motion for Order Permitting Deposition of Federal Bureau of Prisons Inmate Joseph Smith (the "Motion" or "Motion to Take Plaintiff's Deposition") filed on May 5, 2022. [Doc. 176]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated October 19, 2020 [Doc. 48], and the Memorandum dated May 9, 2022. [Doc. 176]. Upon review of the Motion and the applicable case law, the Motion to Take Plaintiff's Deposition is hereby **GRANTED**.

## BACKGROUND

The court has previously discussed the factual background of this case in detail, *see* [Doc. 89], and will do so again here only as necessary for purposes of the instant Motion. Plaintiff Joseph Smith ("Plaintiff" or "Mr. Smith") is currently incarcerated within the Federal Bureau of Prisons ("BOP") at United States Penitentiary, Thomson ("USP Thomson") located in Thomson, Illinois. *See* [Doc. 120 at 1]. Mr. Smith was previously housed at the BOP's Federal Correctional Institution Florence ("USP Florence"). [Doc. 21 at 3]. Mr. Smith alleges that while he was house

at USP Florence, he was subjected to the excessive use of force by Defendants Trujillo, Gonzalez, and an unidentified correctional officer. [*Id.* at 7-9]. After disposition of Defendants' Motion for Dismissal in Part, *see* [Doc. 49], Plaintiff has two claims remaining in this action: (1) an Eighth Amendment excessive force claim against Defendants Trujillo, Gonzalez, and an unidentified USP Florence officer; and (2) an FTCA claim against the United States. *See* [Doc. 106]. This court held a Status Conference on May 11, 2021, at which time the court set discovery deadlines in this case. [Doc. 109]. Relevant here, discovery closes on June 6, 2022 and dispositive motions are due July 8, 2022. [Doc. 144 at 1-2].

Defendants filed the instant Motion to Take Plaintiff's Deposition on May 5, 2022. [Doc. 176]. In the Motion, Defendants request leave of court pursuant to Rule 30 of the Federal Rules of Civil Procedure to take the deposition of a deponent—Mr. Smith—who is confined in prison. [*Id.* at ¶ 1]. Defendants suggest they intend to take Mr. Smith's deposition remotely, acknowledge that the discovery deadline remains June 6, 2022, and indicate that they intend to take Plaintiff's deposition prior to the close of discovery. [*Id.* at ¶¶ 2-3]. The court addresses Defendants' request below.[1]

## ANALYSIS

Rule 30 of the Federal Rules of Civil Procedure requires that a party seeking to take a deposition obtain leave of court if the requested deponent is confined in prison. *See* Fed. R. Civ. P. 30(a)(2)(B). The Federal Rules require that "the court <u>must</u> grant leave to the extent consistent with Rule 26(b)(1) and (2)," i.e., the court must determine whether (1) the requested discovery is relevant and proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1) (emphasis added),

---

[1] Although Plaintiff has not responded to the Motion, the court may rule on the Motion without a response from Plaintiff, *see* D.C.COLO.LCivR 7.1(d), and finds it in the interest of judicial economy to do so, given the upcoming discovery deadline.

2

and (2) the frequency and extent of the requested discovery is reasonable, or whether it is unreasonably cumulative or duplicative, could be obtained from some other source that is more convenient, less burdensome, or less expensive, or the requested discovery is outside the scope of Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2). Stated another way, "[t]he language of Rule 30(a)(2) *requires* the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information." *McGinnis v. Huq*, No. 16-cv-13461, 2017 WL 1044989, at *1 (E.D. Mich. Mar. 20, 2017) (emphasis in original).

The court concludes that a deposition of Plaintiff is likely to produce information that is relevant to this case, is proportional to the needs of the case, and is reasonable in scope. Plaintiff initiated this action and is a key witness in this case; indeed, he is one of a few individuals who witnessed the events giving rise to this civil action. *See* [Doc. 89 at 2-3]. As such, "Plaintiff's testimony regarding the facts underlying his claims against Defendants is nonprivileged and potentially relevant to both Plaintiff's claims and Defendants' defenses." *Garrett v. Deaz*, No. cv-12-00890-TUC-JGZ, 2016 WL 11678499, at *2 (D. Ariz. July 7, 2016); *see also El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019 WL 2006001, at *6 (D. Conn. May 7, 2019) ("Plaintiff initiated this action. Defendants are entitled to inquire into the specifics of, and the bases for, the factual allegations Plaintiff asserts in support of his claims."). Moreover, "depositions are a regular and common device to develop factual support for a party's claims or defenses." *Davall v. Cordero*, No. 20-cv-1968 JLS (KSC), 2021 WL 4705157, at *2 (S.D. Cal. Oct. 8, 2021) (quotation omitted). "[I]f the deposition is fairly limited to matters relating to the claims and defenses raised in the case, the deposition is within the scope of permitted discovery." *Anthony v. Cnty. of Santa Clara*, No. 19-cv-08303-LHK-VKD, 2021 WL 4866358, at *1 (N.D. Cal. Sept. 24, 2021).

Accordingly, the court will **GRANT** the Motion to Take Plaintiff's Deposition. Defendants may depose Plaintiff for **one day, not to exceed seven hours**. *See* Fed. R. Civ. P. 30(d)(1). Plaintiff's deposition shall occur on or before the discovery deadline of **June 6, 2022**. Defendants are hereby **ADVISED** that it is their duty to coordinate with Plaintiff's facility to obtain a mutually agreeable time and date for Plaintiff's deposition, as well as to ensure that the appropriate technology is in place to conduct Plaintiff's deposition. *See Griffin v. Johnson*, No. 1:13-cv-01599-LJO-BAM (PC), 2016 WL 4764670, at *1 (E.D. Cal. Sept. 12, 2016) ("Although the Court is granting leave to Defendants to depose Plaintiff, the Court defers to the prison officials and custody staff at [the facility] regarding their policies and procedures of the manner in which that deposition may be taken.").

## CONCLUSION

It is hereby **ORDERED** that:

(1) The Motion for Order Permitting Deposition of Federal Bureau of Prisons Inmate Joseph Smith [Doc. 176] is **GRANTED**;

(2) Defendants **MAY DEPOSE** Plaintiff Joseph Smith, on or before **June 6, 2022**, for not more than **one day of seven hours**, via remote means. The deposition shall be conducted from USP Thomson, or, if Plaintiff is moved to a different facility subsequent to this Order and prior to the deposition, from Plaintiff's new facility; and

(3) Defendants **SHALL COORDINATE** with Plaintiff's facility to schedule a time and date for Plaintiff's deposition and shall also coordinate with Plaintiff's facility to ensure the appropriate technology is in place to conduct the remote deposition.

5

DATED: May 10, 2022                              BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge